187 So. 278

**STATE v. McCRANIE.**

No. 35146.

Feb. 6, 1939.

Rehearing Denied March 6, 1939.

Isaac Abramson, of Shreveport, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

LAND, Justice.

The information in this case charges that defendant, J. A. McCranie, "forged, altered and uttered a certain check and order for the payment of money, to-wit: a check and order for the payment of money dated March 24, 1937, for the sum of One Hundred Fifty Three and 60/100 ($153.60) Dollars, payable to the order of Service Funeral Home, drawn on the Manhattan Savings Bank, branch Union Planters National Bank & Trust Company of Memphis, Tennessee, and signed Universal Life Insurance Company by W. O. Bonner, Secretary, and countersigned J. E. Walker, President, purporting to be endorsed by Service Funeral Home, by N. Newman, Mgr., with the intent to injure and defraud the Universal Life Insurance Company."

Counsel for defendant filed a motion to quash the information on the ground that it sets forth and describes no offense or crime known to the statutes of the State of Louisiana.

The motion was argued, submitted and overruled, and counsel immediately moved for a bill of particulars, furnishing the following information:

"1. The manner in which the check described in the bill of information was altered.

"2. The manner in which the check described in the bill was uttered, together with the date when it was uttered, the person to whom it was uttered and the place where it was uttered.

"3. The particular portion of the check which was forged, namely whether the endorsement was forged or the signature was forged.

"2

"Defendant further shows that he should be furnished with the check described in the bill of information or a photostatic copy thereof, so that he may submit same to a handwriting expert for examination."

In answer to the motion for a bill of particulars, the District Attorney furnished all of the particulars requested by defendant by stating in the answer the following facts:

"1—The said check was forged and altered in that the endorsement of the payee, Service Funeral Home, was forged to said check.

"2—The nearest date which the State is able to furnish as to the date of the uttering is the one set out in the indictment (information). That all said checks were either deposited or cashed at the Commercial National Bank in the City of Shreveport by J. A. McCranie, agent. That said forged checks were uttered at the Commercial National Bank in said City.

"3—The endorsement of the payee of said check was forged.

"2.

"There is attached hereto and filed herewith a photostatic copy of the check alleged to have been forged."

The trial judge deemed this answer to the motion made by defendant for a bill of particulars sufficient and discharged the rule. No bill of exception was reserved by defendant to this action of the judge a quo.

The defendant was then tried by jury, found guilty of uttering the forged endorsement of the payee of the check, Service Funeral Home, with intent to defraud, and sentenced to be confined in the State Penitentiary at Baton Rouge, Louisiana, at hard labor, for a period not less than two (2) nor more than six (6) years, subject to commutation provided by law.

Defendant has appealed from the conviction and sentence, and relies for reversal of same upon the following bills of exceptions:

Bill of Exception No. 1.

The State offered in evidence eight checks, the one that was charged to have been forged and uttered, and seven other checks. Defendant objected to the introduction of the remaining checks in evidence for the reason that they purported to represent disconnected and different forgeries and were in no way associated with the present prosecution. The State, on the other hand, contended that the offerings were made in order to show intent to defraud, system, and guilty knowledge on the part of defendant. The trial judge overruled the objection of the de-

fendant and permitted their introduction, for the reason that the evidence objected to was admissible under Articles 445 and 446 of the Code of Criminal Procedure, and also under State v. Jackson, 163 La. 34, 111 So. 486.

Defendant, J. A. McCranie, was the district manager of the Universal Life Insurance Company for the Shreveport district and it was the State's contention that, in this capacity, defendant forged and uttered the endorsements on numerous checks issued by that Company in connection with insurance policies, including the check on which the present prosecution was based. The evidence was offered not for the purpose of proving the offense upon which defendant was being tried, but to prove his intent to defraud, to prove a system on his part, and to prove his guilty knowledge.

This evidence was clearly admissible under Articles 445 and 446 of the Code of Criminal Procedure:

"445. In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."

"446. When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of

similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."

The ruling of the trial judge was correct.

### Bill of Exception No. 2.

■ N. Newman testified, as a witness for the State, that he was manager of the Service Funeral Home and that the endorsements on the checks supposed to be made by him were not made by him.

He was also permitted to testify as to the endorsement of one Jamerson, whose name appeared as an endorser on one of the checks.

Newman testified that the signature was not that of Jamerson. The defense objected "on the ground that Newman, a negro with little, if any, education, was not an expert and was not qualified to testify." The State contended that Newman having seen Jamerson write was qualified to testify as to the signature. The trial judge overruled the objection and permitted the testimony, for the reason that "The witness, Newman, a competent witness, was shown to have often seen Jamerson write and he knew Jamerson's handwriting. His testimony was admissible under Article 460 of the Code of Criminal Procedure."

■ There is no evidence annexed to this bill to show the competency vel non of Newman, as a witness, and, under a well settled rule in such cases, we accept the ruling of the trial judge as correct, as the court and counsel disagree as to such competency.

The trial judge having found that Newman was a competent witness, as he had often seen Jamerson write and knew Jamerson's handwriting, the testimony of Newman was admissible under Article 460 of the Code of Criminal Procedure. This Article provides that: "Any document * * * may be proved * * * by any one who, from his knowledge of the handwriting of the person alleged to have written the document can testify that the document produced is in the handwriting of said person."

We find no error in the ruling of the trial judge.

### Bill of·Exception No. 3.

■ During the argument by the district attorney to the jury, he stated that the reason the defendant deposited the checks to his account after forging the signatures was in order to cover up shortage in his account.

Objection was made by the defense to the argument of the District Attorney on the ground that there was no evidence of any kind offered tending to prove any fraud or shortage in the account.

The objection was overruled by the trial judge, and the district attorney permitted to make the argument.

In the per curiam to this bill, the trial judge states:

"This bill is without merit, because it is not essential in forgery or uttering that an actual injury result, the intent to defraud being sufficient. However, the evidence amply showed not only defendant's intent

to defraud, but the actual consummation of fraud and injury."

No evidence is annexed to the bill, and here again is a disagreement between counsel for defense and the trial judge as to facts.

Under such circumstances, this court will accept as true the facts as found by the trial judge, that the evidence showed not only intent to defraud by the defendant, but fraud and injury actually consummated.

■■■ The statement by the trial judge in his per curiam, that "it is not essential in forgery or uttering that an actual injury result, the intent to defraud being sufficient," is fully sustained by the cases of State v. Hahn, 38 La.Ann. 169, 173, and State v. Laborde, 120 La. 136, 45 So. 38, and decisions therein cited.

### Bill of Exception No. 4.

■■■ The following charge to the jury was requested by defendant: "fraud is an essential element in the crime of forgery. If the person alleged to have been defrauded was not, in fact, defrauded, and in fact, received the benefits of the alleged or purported forgery so that no injury accrued or could have accrued, there can be no crime such as charged in the indictment."

The District Judge properly refused to give the charge requested by defendant, for the reason, that "the requested charge does not correctly state the law, and, moreover the subject matter of this bill was fully covered in the general charge of the Court."

### Bill of Exception No. 5.

■■■ Defendant filed a motion for new trial on the ground that the verdict was contrary to the law and evidence, and reiterated in this motion the various grounds of error set up in his bills of exceptions reserved in the trial of the case.

In the alternative, defendant avers in this motion that there should be an arrest of judgment in this case for the reason that the information sets forth no crime or offense against the laws of the State of Louisiana.

A motion to quash the information upon the same grounds was filed on June 7, 1938, before trial, and was overruled. Defendant then moved for a bill of particulars, which was granted, and all the particulars requested by defendant were furnished by the State. Transcript pages 3, 11, 12, and 13.

The information tracks Revised Statutes, § 833, under which it is drawn, and in connection with the answer to the bill of particulars, amply informs the defendant of "the nature and cause of the accusation against him," which is the uttering of the forged endorsement of the payee of the check, Service Funeral Home, with intent to defraud.

In overruling the motion for new trial, the trial judge also overruled the motion in arrest of judgment, which is made, in the alternative, in the motion for new trial.

We find no error in the action of the trial judge in overruling the motion to quash and the motion in arrest of judg-

ment, under the circumstances of this case.

The motion for new trial was also overruled "because no error of law was shown to have been committed during the trial and because the evidence amply sustained the Jury's verdict."

The conviction and sentence appealed from are affirmed.