KLEES, Judge.
The defendant Joe Bradley was charged by bill of information with both forgery and uttering under R.S. 14:72. The defendant waived his right to a jury trial. The trial was conducted on September 17, 1985. The court found the defendant not guilty of the forgery count, but guilty as charged of uttering a check with a forged signature. The defendant was given a one year suspended sentei'ce and two years active probation with the special condition that he pay the victim $641.00 in restitution. From this conviction and sentence the defendant appeals.
Mr. Edward Inbau, owner of the Harmony Furniture Store located at 3205 Magazine St., testified that he received a phone call from the defendant’s mother on February 4, 1985, inquiring whether or not her son, Joe E. Bradley, could cash his social security check at the store. Because Mr. Inbau had cashed a number of checks in the past for both the defendant and his mother, he readily agreed. Shortly thereafter, the defendant presented Mr. Inbau with a U.S. Treasury check for $641.00 made payable to Albert J. Bradley and mailed to 2101 Louisiana Ave. Mr. Inbau noticed that the address on the check was different from those on checks previously cashed by the defendant. When he inquired about the different address, the defendant told Inbau that he had requested that his checks be sent to the Louisiana Ave. address. The defendant endorsed the check in the name of Albert J. Bradley and was given $641.00 by Mr. Inbau. Several months later Mr. Inbau was notified that the check signature was a forgery and that the government had debited $641.00 from Mr. Inbau’s checking account in order to cover the forged check. On May 10, 1985, the defendant again attempted to cash a social security check at the furniture store. Having been recently notified of the prior forgery, Mr. Inbau immediately called the police and had the defendant arrested. The defendant steadfastly maintained that he had not been in the furniture store on February 4, 1985, and that he had neither cashed the check nor forged the signature of Albert J. Bradley.
This record has been reviewed for errors patent on its face. None were found. C.Cr.P. art. 920(2).
ASSIGNMENT OF ERROR NO. ONE:
The trial court committed reversible error when it denied the defendant’s motion for a continuance.
A review of the record in this case reflects that the court granted continuances to the defendant on July 10, 1985 and on August 6, 1985. The court subsequently continued the trial for a third time on August 9, 1985, following a pre-trial conference. On September 17, 1985, the morning *476 of trial, the defense counsel orally moved for a continuance due to the absence of a subpoenaed witness and the failure of the Social Security Administration to provide copies of the defendant’s social security checks. The defense counsel argued that the check copies were necessary in order to compare the defendant’s signature with that on the forged check of Albert J. Bradley. Counsel, however, did not argue the necessity of the presence of the absent subpoened witness, an N.O.P.D. handwriting expert. The court denied the motion for a continuance and pointed out that other checks and documents were available to the defense for the purpose stated.
As a general rule, the denial of a continuance is not grounds for reversal absent an abuse of discretion and a showing of specific prejudice to the defendant caused by the denial. C.Cr.P. art. 712; State v. Haarala, 398 So.2d 1093 (La.1981). The record reflects that the defense put on testimony from its own handwriting expert who stated that it was his opinion that the signature on the forged check was not made by the defendant. The state offered no technical evidence to refute the defense’s expert witness. The court ultimately found the defendant not guilty of the forged endorsement charge. Thus the defense has not demonstrated how the trial court’s failure to grant a continuance in order to secure the presence of the crime lab handwriting analyst and to secure additional samples of the defendant’s handwriting constituted an abuse of the court’s discretion or resulted in prejudice to the defendant. In addition, the defense, in its oral motion for continuance, failed to comply with the requirements of C.Cr.P. art. 709:
ART. 709. Continuance based on absence of a witness
A motion for a continuance based upon the absence of a witness must state:
(1)Facts to which the absent witness is expected to testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
(See State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983).
Because the defendant suffered no prejudice as a result the denial of a continuance, and because the defendant failed to adhere to the requirements of C.Cr.P. art. 709, this assignment of error is without merit.
ASSIGNMENTS OF ERROR TWO, THREE, FOUR, AND NINE:
The trial court committed reversible error when it overruled the defendant’s objections on the grounds of relevancy.
The defendant specifically objects to:
a) The state’s questioning the defense expert witness regarding any fees paid to the expert for his analysis of the defendant’s handwriting and for his in-court testimony.
b) The state’s questioning the defense expert as to whether or not the defendant had a heart attack during the hand writing analysis session.
c) The overruling of the defense objection to the testimony of Mr. Inbau, the furniture store owner, regarding the fact that the federal government took $641.00 out of his checking account to cover the amount of the forged check.
d) The prosecutor’s statement during closing argument that the defendant did not have his handwriting analyzed until the night before trial.
All evidence which is relevant to a material issue of fact, necessary to be known to explain a relevant fact, or which supports an inference raised by such a fact is admissible. R.S. 15:435, 441. Our law defines relevant evidence as “that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and intent.” R.S. 15:441. Relevancy of evidence is determined by the purpose of which it is offered. R.S. 15:442. *477 Generally, an appellate court places great weight upon a trial court’s ruling on the relevancy of evidence, and should not reverse this ruling unless a clear misuse of discretion has occurred. State v. Kahey, 436 So.2d 475 (La.1983).
The state’s questioning of the defense handwriting expert as to whether he was paid a fee by the defendant, and as to whether the defendant had a heart attack during the administration of the handwriting comparison was a logical and valid attempt to assess the credibility of the witness and the validity of the test given to the defendant, and as such goes to the weight of the evidence before the trier of fact. Both questions directed to the defense expert were put forth to explain a relevant fact, that of the circumstances under which the handwriting analysis was conducted, and thus meets the codal test for relevancy.
The defendant further argues that it was error for the recipient of the forged check to be allowed to testify that he suffered a loss of $641.00 as a result of cashing the check for the defendant. Citing State v. Raymo, 419 So.2d 858 (La.1982), the defendant maintains that since the Supreme Court has held that under R.S. 14:72, it is unnecessary to prove that injury resulted from the actual consummation of the fraud and that it is immaterial whom the offender intended to defraud, it was therefore irrelevant and reversable error for the state to prove actual prejudice or injury to the victim.
A reading of State v. Raymo, supra, indicates that the defendant has reached a faulty conclusion. Raymo states in part:
That a general intent to defraud is an essential element of forgery is evident from the statute and the comment. Consequently, it is necessary to the offense that the offender either actively desire to defraud another or that he must have known that defrauding another was reasonably certain to result from his act or failure to act. La.R.S. 14:10. To defraud in the sense intended by the forgery definitions means to injure or prejudice the rights of another. State v. LaBorde, 120 La. 136, 45 So. 38 (1907). See W. Burdick, Law of Crimes § 663a 551 (1946). However, it is unnecessary that an injury result from the actual consummation of the defraud, since the intent to defraud is sufficient. State v. McCranie, 192 La. 163,187 So. 278 (1939). Furthermore, it is immaterial whom the offender intended to defraud, for it is sufficient if he intended that someone be defrauded. Louisiana, as well as several other jurisdictions, has deviated from the early common law rule that forgery required an intent to defraud a particular person. Burdick, supra, § 663, at 551; Clark and Marshall, Law of Crimes § 1243, 955-56 (7th ed. 1967).
Nowhere in Raymo does the court hold that it is error for the state to prove actual injury or prejudice to a specific victim under R.S. 14:72 because all that is required of the state is proof of a general intent to defraud on the part of the defendant. Because the state was able to prove actual prejudice or injury, does not render that proof irrelevant.
The defendant further argues that the comment of the prosecutor in closing argument was irrelevant, immaterial and non-probative. During closing argument the prosecutor asked the court to consider the fact that the defendant did not attempt to have his handwriting compared until later in the evening on the night before the trial. This fact was originally brought out by the defense witness in response to a question by the defense counsel. Again, the prosecutor’s reference appeared to relate to the reliability of the evidence presented. C.Cr.P. art. 774 specifies that closing argument shall be confined to the evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. Where evidence has been properly admitted, it can become the proper subject of closing arguments. State v. Howard, 449 So.2d 69 (La.App. 4th Cir.1984). Even if a *478 statement in closing argument constitutes improper argument an appellate court must be thoroughly convinced that the jury was influenced by the remark and that the remark contributed to the verdict. State v. Webb, 419 So.2d 436 (La.1982). In the instant case, the evidence and argument were presented to the judge alone. The remark, even if improper, did not contribute to the verdict nor prejudice the defendant since the defendant was found not guilty of the forged endorsement charge. This assignment of error is therefore without merit.
ASSIGNMENT OF ERRORS FIVE, SIX AND SEVEN:
The trial court committed reversible error when it overruled the defendant’s objections that the evidence presented by the state was not admissible because it was not the “best evidence” available.
The defendant objects that the state was allowed to introduce copies rather than the originals of the following documents:
a) A copy of the claim form filed by Albert J. Bradley with the United States government for the proceeds of his government check.
b) A copy of the forged social security check made out to Albert J. Bradley.
c) A notice from the First National Bank of New Orleans to Mr. Inbau notifying him that he had cashed a forged check.
R.S. 15:436 defines “best evidence” as that which from the nature of the case must be supposed to exist, and which is within a party’s control, must be produced. The Louisiana Supreme Court has held that R.S. 15:436 is to be applied sensibly and with reason. State v. Gaskin, 412 So.2d 1007 (La.1982); State v. Fallon, 290 So.2d 273 (La.1974). Additionally, the court has held that absent a showing of prejudice, a conviction will not be reversed on the ground that the best evidence was not produced. State v. Gaskin, supra; State v. Bennett, 341 So.2d 847 (La.1976). Where there is a mechanical reproduction of an original document, its admission over objection is reversible only if the content of the copy does not accurately reflect that of the original. State v. Square, 433 So.2d 104 (La.1983).
In the instant case, Mr. Albert J. Bradley, testified that the form presented to him to identify was a copy of the form he personally provided to the Social Security claims office. Detective Lavern testified that the original forged check could not be obtained from the Federal Government. Mr. Inbau identified the copy of the check in question as a copy of the check signed by the defendant in his presence. Mr. In-bau also verified that the copy of the bank notice presented to him in court by the prosecutor was the same notice he had received from the bank informing him that he had cashed a bad check. At no time did the defense challenge the authenticity of any of the documents listed above nor did the defense charge that the documents did not accurately reflect the contents of the originals. Because the defendant has failed to show that he was prejudiced by the introduction of the copies rather than the originals, and because he has not challenged the accuracy of the documents, these assignments of error are without merit.
ASSIGNMENT OF ERROR NO. EIGHT:
The trial court committed reversible error when it denied the defendant’s motion for a directed verdict.
At the close of the state’s case the defendant moved for a directed verdict based upon his objection that the state had filed into evidence a copy of the alleged forged check rather than the original. As we previously discussed, the admission of the copy of the forged check did not violate the best evidence rule. Accordingly this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. TEN:
The trial court committed reversible error when it found the defendant guilty of the charge of uttering because the said verdict is contrary to the facts as presented in trial.
*479 The defendant contends that because he was found not guilty as to count one, he should not have been found guilty as to the uttering charge in count two since proof of both counts rested upon the testimony of Mr. Inbau that the defendant signed the forged check in his presence. While the defendant presented evidence which cast a reasonable doubt as to the maker of the forged signature, i.e. the testimony of the handwriting expert, the state presented sufficient evidence as to the uttering charge to prove the defendant’s guilt. Mr. Inbau testified that he had cashed checks for the defendant and his mother over the course of two to three years. On February 4, 1985, the defendant presented a check in the amount of $641.00 to Mr. Inbau. Mr. Inbau cashed the check after inquiring as to the unfamiliar address on the face of the check and after receiving the defendant’s false explanation. After receiving notice several months later as to the forged check, Mr. Inbau checked his personal records and found that he had cashed the check for the defendant. Taking the evidence in the light most favorable to the prosecution, any rational trier of fact could have found all of the elements of the offense proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Of further notice is the trial court’s discussion relative to its mistaken belief that the Louisiana Supreme Court had recently declared the two methods of forgery defined in R.S. 14:72 to be mutually exclusive. Apparently referring to State v. Smith, 474 So.2d 950 (La.1985), which was handed down on September 10, 1985, the trial court concluded that although the state could offer proof of both the making and the issuing of a forged check, a defendant could be convicted of only one of the charges despite the offer of proof as to both. State v. Smith, supra, however, held that a defendant could in fact be convicted on both counts but could not be sentenced separately nor cumulatively on both counts if the sentence exceeds the maximum. Thus we are presented with a situation where the trial judge could have found the defendant not guilty as to the making of the forged signature because of insufficient evidence, or not guilty because he believed that the defendant could be found guilty of only one of the charged counts. In either case the verdict as to the uttering charge is not affected.
Accordingly, for the foregoing reasons the conviction and sentence are hereby affirmed.
AFFIRMED.