513 So.2d 1228 (1987)
STATE of Louisiana
v.
Oscar Paul BERTHELOT.
No. KA-6988.
Court of Appeal of Louisiana, Fourth Circuit.
September 18, 1987.
Writ Granted in part with Order; Denied in part December 18, 1987.
*1229 Jack A. Quarles, Jr., New Orleans, for appellant.
William Guste, Atty. Gen., New Orleans, Darryl W. Bubrig, Sr., Dist. Atty., 25th Judicial Dist., Pointe-a-la-Hache, Gilbert V. Andry, III, Asst. Dist. Atty., New Orleans, for appellee.
Before KLEES, CIACCIO and WILLIAMS, JJ.
CIACCIO, Judge.
Defendant, Oscar Paul Berthelot, was charged with three counts of forgery in that he falsely made a United States Military DD-214 form (count I); an academic transcript from the University of Southern Mississippi (count II) and a State of Louisiana pre-employment application (count III), and knowing them to be forged he issued them to the Belle Chase State School with the intent to defraud. La.R.S. 14:12. Prior to trial, count III of the information was quashed pursuant to a defense motion. Following a trial on the remaining two counts of forgery, a jury found the defendant guilty as charged. He was sentenced by the court to serve a 10 year term of imprisonment on each count, with the sentences to run consecutively. He was also ordered to pay the sum of $2,034.81 which was the cost of prosecution. The defendant appeals his conviction and sentence relying upon 78 assignments of error. We consider the 9 assignments which were briefed and argued.[1] Finding these assignments lacking merit, we affirm the defendant's conviction and sentence.
*1230 The record reveals the following facts:
In February of 1984 the defendant applied for a position as "Psych Assistant" with the Belle Chase State School. He interviewed with Allen Lubliner, Manager of Family Services at the school. The position required a master's degree in psychology. The defendant filled out the necessary paperwork for employment, representing that he had the requisite master's degree from the University of Southern Mississippi and that he had twenty years military experience. As a result of the interview, the defendant was hired and was asked to forward his transcripts.
Ron Broadus, Personnel Director of the Belle Chase State School, testified at trial that he has complete control of the personal files of employees and that the defendant's file contained the job application, a transcript from the University of Southern Mississippi, and a DD-214 form showing the defendant's military experience. Jane Harrison, Personnel Assistant at the school, testified that she watched the defendant fill out his job application.
In April, 1984, after he was hired as Psych Assistant, the defendant applied for a second job with the school: "Village Manager", an administrative position. He interviewed with Robert Sanders, Deputy Administrator of the school. Sanders noted two items were then missing from the file: the DD-214 form and personal references. Sanders requested these things and the defendant brought him a copy of the form and names of personal references.
Danny Montgomery, Registrar of the University of Southern Mississippi, testified at trial that he is the custodian of records for the university and that the transcript form the defendant submitted for employment has never been used by the university, that the submitted transcript was not an adequate representation of the defendant's transcript on file with the university, and that the university records do not show that the defendant ever earned a bachelor's or master's degree from the university. He also testified that there has never been a Gerald Culp registrar of the university despite the fact that the transcript on file with the employer was signed Gerald Culp.
First Lieutenant John Curry of the Louisiana National Guard testified that the defendant's DD-214 form, on file in the military, shows that the defendant was on active duty for five months and eleven days and that the highest rank he received was a private. Curry testified that this was contrary to the DD-214 form on file with the employer school, which form showed that the defendant was a major.
Ernest Henry Pleasant, Military Personnel Officer of the Adjutant General's Office, National Guard of Mississippi, testified that the defendant was enlisted with the Mississippi National Guard for one year, but that he was never on active duty so that no DD-214 was required, and that the highest rank he achieved was private.
Linda Weider testified that the defendant hired her in February, 1984 to type transcripts for him and that he told her to fill in the transcripts wherever blank with a grade of "A" or "B".
Detective Lasse Grundstrom testified that he obtained a search warrant for the defendant's residence. He and DA Investigator Thomas Susor executed the warrant on August 15, 1984 and found blank transcripts from several different colleges, typed transcripts, handwritten transcripts, and photocopy of a blank DD-214 handwritten in red ink and rubber stamps printed "Entitled to Honorable Dismissal; Registrar".
Cy Courtney testified at trial and was declared to be an expert in the field of document examination. He concluded that the defendant's application for employment, a letter signed in his name, the DD-214 form and the college transcript were all signed by the same person.
Assignment of Error Nos. 35 and 36
The defendant, by these assignments of error, alleges that the state presented insufficient evidence to convict him of forgery.
In reviewing a case for sufficiency of the evidence, the appellate court must view the evidence in the light most favorable to the *1231 prosecution and determine whether any rational trier of fact could have found the essential elements of the crime charged were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Byrd, 385 So.2d 248 (La., 1980).
In this case the defendant was convicted of two counts of forgery. The crime of forgery is defined as follows:
R.S. 14 Sec. 72. Forgery
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.

Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery. (Emphasis Supplied)

* * * * * *
Therefore, in this case the State had the burden of proving (1) an issuing or transferring, (2) with the intent to defraud (3) a forged writing (4) known by the offender to be a forged writing.
In his argument concerning assignment of error No. 35, defendant alleges that the State failed to prove the defendant intended to defraud the Belle Chase State School in the submission of a forged DD-214 document.
In this regard, the defendant contends that the State's failure to prove "intent" is illustrated by the fact that the State did not show that the DD-214 form played any role in the determination that the defendant was selected for the job; that the Belle Chase State School could or would suffer harm as a result of the application and that the defendant profited as a result of the actions.
In State v. Raymo, 419 So.2d 858 at 859-860 (La., 1992) the Supreme Court discussed the element of "intent to defraud":
An `intent to defraud' is an essential element of forgery under either definition. The Reporter's Comment under La. R.S. 14:72 provides:
`A general intent to defraud should be an essential element of forgery. However, it is unnecessary that an injury result from the actual consummation of the fraud, since the intent to defraud is sufficient. State v. McCranie, 192 La. 163, 187 So. 278 (1939). It is also unnecessary to prove that the offender intended to defraud any particular one, for if he intended to defraud any person the crime is complete. Hence it suffices if the instrument does or may prejudice the rights of another. State v. LaBorde, 120 La. 136, 45 So. 38 (1907).
The intent should be able to be inferred from the circumstances, as in the case of a forgery of a check the `jury ought to infer an intent to defraud the person who would have to pay the instrument if it were genuine * * * `. State v. Dennett, 19 La.Ann. 395 (1867)."
That a general intent to defraud is an essential element of forgery is evident from the statute and the comment. Consequently, it is necessary to the offense that the offender either actively desire to defraud another or that he must have known that defrauding another was reasonably certain to result from his act or failure to act. La. R.S. 14:10. To defraud in the sense intended by the forgery definitions means to injure or prejudice the rights of another. State v. LaBorde, 120 La. 136, 45 So. 38 (1907). See W. Burdick, Law of Crimes Sec. 663a, 551 (1946).[1] However, it is unnecessary that an injury result from the actual consummation of the fraud, since the intent to defraud is sufficient. State v. McCranie, 192 La. 163, 187 So. 278 (1939). Furthermore, it is immaterial whom the offender intended to defraud, for it is sufficient if he intended that someone be defrauded. Louisiana, as well as several other jurisdictions, has deviated from the early common law rule that forgery required an intent to defraud a particular person. Burdick, supra, Sec. 663, at 551; Clark and Marshall, Law of Crimes Sec. 1243, 955-56 (7th ed. 1967).
The record reveals that the defendant initially applied for a position with the Belle Chase State School as a "Psych Assistant" *1232 in February, 1984. At that time he was interviewed by the Manager of Family Services for the school, Allen Lubliner. The defendant completed a job application wherein he noted that he had a Master's degree from the University of Southern Mississippi and twenty years of service with the military. Based upon the interview and understanding that he would supply evidence of his credentials, Berthelot was hired by the school.
Thereafter, in April, 1984, while still employed by the school, Berthelot applied for another position with the school. The second position was administrative and carried the title "Village Manager". The defendant was interviewed by Robert Sanders, a Deputy Administrator of the school. During the interview Berthelot presented himself as having served twenty years in the military and as having earned two college degrees. Noting that the file did not contain the defendant's DD-214 form and personal references, Sanders requested that these items be supplied, which the defendant subsequently produced.
Based upon this information and the documentation which he subsequently supplied, defendant was awarded the position of "Village Manager".
Evidence was presented at trial that a master's degree was a prerequisite for this position. Although a military background was not a requirement, the defendant was afforded additional grading points in the application process as a result of this background which contributed to his success in obtaining the position of "Village Manager".
Under the circumstances of this case, it was reasonable for the jury to conclude that the defendant must have known that his transmittal of false documents in the job application process was reasonably certain to result in injury or to prejudice the rights of another.
Contrary to the defendant's assertion that the State failed to prove injury, the crime of forgery does not require proof of actual injury. State v. McCranie, supra. Moreover, based upon the evidence presented, the jury could have reasonably concluded that Berthelot's actions resulted in injury to his employer in that the employer was prevented from making a well informed employment decision and from hiring the best qualified person for the position.
Furthermore, although Berthelot contends that the State did not prove that he profited from his actions, based upon the evidence presented, it is clear that the defendant was evaluated for and awarded this administrative position because of his actions.
For these reasons we find that the State proved beyond a reasonable doubt the "intent to defraud" element of the crime of forgery as alleged in count I of the bill of information. This assignment lacks merit.
In his argument on assignment of error No. 36, the defendant alleges that the State failed to prove beyond a reasonable doubt that the defendant committed forgery on April 25, 1984 by issuing a forged transcript.
An essential element of the crime of forgery is the requirement that there be an "issuing or transferring" of the forged writing. La.R.S. 14:72. This element of the crime is satisfied if the issuing or transferring is accomplished at the direction of the defendant. See: State v. Tomlinson, 457 So.2d 651 (La., 1984).
In this case the defendant was interviewed by Mr. Lubliner and he purported to have a master's degree from the University of Southern Mississippi. Mr. Lubliner requested copies of the transcripts as this was a requirement for the position sought. As was a practice of the employer, Berthelot was allowed to begin employment with the understanding that the necessary documentation of his credentials would be supplied. It was a normal procedure for job applicants at the school to obtain their transcripts and submit them to the school.
The defendant's transcript was received at the school no later than March 19, 1984 and it was sent to the Louisiana Department of State Civil Service. The transcript was returned from this Department to Belle Chase State School on April 25, 1984.
*1233 The record reflects that the defendant was responsible for making false transcripts. He hired Ms. Linda Weider, a free lance typist, to type the transcript. Berthelot represented to Ms. Weider that he was a professor.
A search warrant executed against Berthelot's apartment resulted in the seizure of blank university transcripts, including one from the University of Southern Mississippi; a completed University of Southern Mississippi transcript which was identical to the one on file with the Belle Chase State School; and rubber stamps with the printed inscription "Entitled To Honorable Dismissal" and "Registrar".
It was established at trial that the transcript form which was on file with defendant's employer had never been utilized by the University of Southern Mississippi and the University's Registrar was not nor had he ever been a "Gerald Culp". Additionally, it was established that the transcript on file with the University indicated that defendant had never earned a bachelor nor a master's degree from the University of Southern Mississippi.
A handwriting expert testified that the college transcripts, employment application, DD-214 form and a letter were all signed by the same person.
Although no direct evidence was presented to show the defendant issued or transmitted the college transcripts on April 25, 1984, considering the abundant circumstantial evidence on this issue and viewing that evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the State proved this element of the offense beyond a reasonable doubt.
For these reasons we find that assignment of error number 36 is meritless.
Assignments of Error Nos. 6, 12, and 28
In his argument concerning assignments of error Nos. 6, 12 and 28, the defendant contends that the trial court erred in refusing to grant the defense's motion to quash, and defendant's pro se motion for plea to jurisdiction. In these motions it is alleged that the Plaquemines Parish District Court lacked jurisdiction over this case in that the crime charged did not occur in Plaquemines Parish. The defendant argues that the evidence tended to show that all of the acts of forgery occurred in New Orleans at his apartment or at the home of his typist and that no evidence was produced to show that he transferred the transcripts to Plaquemines.
Louisiana Code of Criminal Procedure Article 611 provides as follows:

All trials shall take place in the parish where the offense has been committed, unless the venue is changed. If acts constituting an offense or if the elements of an offense occurred in more than one place, in or out of the parish or state, the offense is deemed to have been committed in any parish in this state in which any such act or element occurred. (Emphasis Ours)
As previously discussed we are satisfied that the State presented sufficient evidence for the jury to have concluded that the defendant issued or transferred the forged documents. It is immaterial whether the defendant personally issued the document or instructed his typist to do so. Likewise, it is immaterial whether the documents were brought to the school by the defendant or delivered through the United States' mail. In either event, the transfer occurred when the school, in Plaquemines Parish, received the forged documents. Since the "transfer" is an essential element of the crime of forgery and this element occurred in Plaquemines Parish, the district court in Plaquemines Parish was the proper place for the prosecution to occur. Accordingly, the trial court correctly denied the defense's motion to quash and the defendant's pro se motion. For these reasons, these assignments lacks merit.
Assignment of Error No. 26
By this assignment of error defendant alleges that the trial court committed reversible error when it refused to grant his motion for a mistrial. In particular, the defendant contends that the court's reference to certain case docket numbers and *1234 the sequence of the prosecution's presentation of physical evidence constituted indirect reference to other crimes committed by the defendant thereby warranting a mistrial when requested by the defendant.
Louisiana Code of Criminal Procedure Article 770 provides in pertinent part:
Art. 770. Prejudicial remarks; basis of mistrial
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
In addition to statements made during trial, the codal article covers remarks made during voir dire, before the trial begins. State v. Willie, 410 So.2d 1019 (La., 1982) appeal aft. remand, 436 So.2d 553, cert. den. 465 U.S. 1051, 104 S.Ct. 1327, 79 L.Ed.2d 723 (1984). This article is not applicable, however, unless the inference which is made plainly constitutes a comment on other crimes committed or alleged to have been committed by the defendant. See: State v. O'Neal, 478 So.2d 1311 (La.App., 5th Cir., 1985) citing State v. Curry, 390 So.2d 506 (La., 1980).
The following comments were made after the jury venire was brought into the court room:
The Court
I assume that all of the prospective jurors have reported to the bailiff. Everyone has reported in?
We have on the docket this morning, the matter entitled, "State of Louisiana versus Oscar Paul Berthelot." Numbers 85-718, 85-71we have three matters?
Mr. Ragusa:
85-718, Your Honor.
The Court:
85-718? Just the
Mr. Ragusa:
Yes, Your Honor.
The Court:
85-718.
Thereafter the defendant moved to strike the venire, or in the alternative, for a mistrial and the court denied the motion.
During the trial, the prosecution presented five of twenty nine numbered envelopes of physical evidence. The envelopes were not sequentially numbered. The defendant contended that these actions prejudiced the defendant and warranted a mistrial. He reasons that these actions by the prosecution could lead the jury to conclude only one of two things, namely, that the State had such a strong case that it did not need to introduce all of its evidence or that the missing envelopes contained evidence of other crimes.
Although the court's reference to case docket numbers and the prosecution's manner of presenting its physical evidence may be construed to be an indirect reference to other crimes under Code of Criminal Procedure Article 770, this conclusion would result in a strained interpretation of that codal article. Since the references were not plainly recognizable by the jury we can only speculate as to what inference they drew from these incidents. As such, Code of Criminal Procedure Article 770 is inapplicable, and the court correctly denied the defendant's motion for a mistrial.
For these reasons this assignment of error lack merit.
Assignments of Error Nos. 22, 23, 24
The defendant in the final assignments of error alleges that his consecutive maximum ten year sentences on each count of forgery is unconstitutionally excessive. La. Const. Art. 1 Sec. 20.
*1235 A constitutionally excessive sentence is one which is "grossly out of proportion to the severity of the crime" or "is nothing more than a purposeless and needless imposition of pain and suffering". State v. Brogdon, 457 So.2d 616 (La., 1984) cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 reh. den., 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985). In reviewing the sentence for excessiveness the court is aided by the sentencing court's compliance with state sentencing guidelines. La. C.Cr.P. Art. 894.1. State v. Davis, 449 So.2d 452 (La., 1984). The sentencing court must utilize the sentencing guidelines to particularize the sentence to the crime committed and the defendant who committed the crime. See: State v. Guiden, 399 So.2d 194 (La., 1981) cert. den. 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In such cases, the record should reflect that the trial court considered the personal history of the defendant, his past criminal history and the seriousness of the crime. State v. Quebedeaux, 424 So.2d 1009 (La., 1982), appeal aft. remand, 446 So.2d 1210 (La., 1984).
In the present case the record reveals that the sentencing judge complied with the state sentencing guidelines, La. C.Cr.P. Art. 894.1. In this regard he considered both aggravating and mitigating factors in sentencing the defendant to a maximum ten year sentence on each count. As such we cannot say that this sentence is excessive or an abuse of discretion by the sentencing court.
The defendant further contends that he should have been given concurrent and not consecutive sentences.
If a defendant is convicted of two or more offenses arising from the same transaction or as part of a common scheme the term of imprisonment shall be concurrent, unless the court provides express justification for a consecutive sentence. La. C.Cr.P. Art. 883, State v. Sherer, 437 So.2d 276 (La., 1983).
In this case the offenses charged arose out of the same long and complicated scheme to obtain a particular job. However, in sentencing this defendant to consecutive terms of imprisonment, the court took into account the extreme premeditation of the offenses and the extensive criminal record of the defendant which consisted of 3 felony convictions, eight misdemeanor convictions, one of which involved the solicitation of sodomy. Under these circumstances we find that the imposition of consecutive terms of imprisonment was justified and the trial court did not err in this regard.
These assignments of error lacks merit.
For the reasons assigned the defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Those assignments which are not briefed and argued are considered abandoned. State v. Phillips, 337 So.2d 1157 (La., 1976); State v. Allen, 431 So.2d 808 (La.App., 4th Cir., 1983).