537 So.2d 246 (1988)
STATE of Louisiana
v.
Harold SAVOY.
No. KA-8386.
Court of Appeal of Louisiana, Fourth Circuit.
December 13, 1988.
*247 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for appellant.
Before BYRNES, CIACCIO and WARD, JJ.
BYRNES, Judge.
Defendant Harold Savoy appeals his conviction of aggravated rape, armed robbery and aggravated crime against nature for which he was sentenced to life imprisonment, ninety-nine years, and fifteen years at hard labor without benefit of probation, parole or suspension of sentence with all three sentences running consecutively.

*248 FACTS
The record reflects that on April 4, 1984, the victim left her office in the French Quarter at approximately 7:00 p.m. She walked less than one block to her car. As she placed several bags inside her car, the defendant approached her from behind and pushed her into her car at knife point. He then entered the car through the driver's door and sat in the front passenger seat. He ordered the victim to keep her hands on the wheel while he searched her belongings. After finding approximately three dollars, he demanded more money. In response to the victim's suggestion, he forced her to drive to two gas stations to cash a check. Defendant continually held a knife to the victim's side under her jacket. The defendant abruptly ordered the victim to drive away from the first gas station. At the second gas station, she cashed a check. The defendant then ordered her to drive off. Holding the knife at her side at all times, he instructed her to drive to a motel where he registered under the name of John Williams. Forcing her to a room, defendant made the victim undress, raped her and forced her to perform other sexual acts. Defendant then forced the victim into the car. He drove to the area of Thalia and Rampart Streets where he parked the car. Defendant continued to threaten the victim with the knife and told her they were in his territory, the ghetto, where he would feed her to his buddies if she did not cooperate. When he went to obtain drugs, she escaped. The victim's description of the assailant included the fact that he had a scar on his stomach area, a heart tattoo on his chest and a raised mole on his face.

ISSUES
On appeal, defendant claims that the court erred in:
(1) allowing a witness to assert a blanket Fifth Amendment privilege when his physical characteristics were introduced on rebuttal, thereby preventing the defense from cross-examining the witness; and
(2) denying a mistrial based on a comment made during the prosecutor's closing argument.
(1) BLANKET PRIVILEGE AGAINST SELF-INCRIMINATION
The victim testified that on the night of the rape, she saw defendant write the name Williams on the motel registration card. It was established at trial that two registration cards seized by the police were signed "Williams" on the night of the rape: one as John Williams and one as Wayne Williams. The defense introduced certified copies of the conviction of Wayne Williams for an April 12, 1984 aggravated rape, with the implication being that Wayne Williams may have been the perpetrator in both offenses. On rebuttal, the state brought prisoner, Wayne Williams, into court to display his chest to the jury to show that he did not have tatoos described by the victim.[1] On rebuttal, the state also conducted a fingerprint comparison which established that Wayne Williams' fingerprint did not match the one that had been lifted from a cigarette pack taken from the victim's car.[2] Wayne Williams offered no verbal testimony. The court denied the defense's right to cross-examine the witness, allowing the witness to assert a blanket Fifth Amendment privilege against self-incrimination.
Defendant presents four claims based on the prosecutor's introduction of Wayne Williams on rebuttal:
(a) the prosecutor failed to lay a proper foundation;
(b) the court denied defendant the right to cross-examine the witness;
(c) the court erred in allowing Wayne Williams to invoke a blanket Fifth Amendment privilege; and
(d) any existing error was not harmless beyond a reasonable doubt.
*249 (A) PROPER FOUNDATION
Defendant concedes that the introduction of the inmate Wayne Williams constituted demonstrative evidence. However, defendant argues that the prosecutor failed to lay a proper foundation under La.C.Cr.P. Art. 773 to establish relevancy. Specifically, defendant avers that a proper foundation necessitated questioning Wayne Williams as to whether he had a scar or tattoo at the time of the rape.
In the aggravated rape case of State v. Martin, 519 So.2d 87 (La.1988), the Louisiana Supreme Court found that the trial court erroneously ruled that if defendant displayed his arms to the jury for lack of a tattoo of a specific description, he would be subject to cross-examination. The Louisiana Supreme Court remanded the case for new trial because defendant had opted not to show his arms because the state could have cross-examined him. The Louisiana Supreme Court found a proper foundation was laid without showing defendant had the tattoos on the day of the crime. The foundation was proper where the victim described the tattoo, putting its existence at issue and making it relevant. That court held:
... the possibility that a particular piece of evidence might conceivably have been altered does not bar its introduction or require the defendant to provide introductory testimony in contravention of his Fifth Amendment privilege. Id., 519 So. 2d at 93.
Similarly, defendant, Harold Savoy, put at issue the fact of whether Wayne Williams was the perpetrator. Defense counsel presented the second motel registration card and conviction of Wayne Williams for aggravated rape in the same time period to show that defendant was not the assailant.
The introduction of Wayne William's motel registration card and conviction constituted sufficient evidentiary foundation to entitle the state to introduce demonstrative evidence of Wayne Williams' chest and fingerprints.
(B) RIGHT TO CROSS-EXAMINATION
Defendant admits that the display of demonstrative evidence does not constitute testimony under the Fifth Amendment. Defendant asserts his objection based on his Sixth Amendment right to confront witnesses. In referring to defendant's Fifth Amendment privilege, in Martin, supra, the Louisiana Supreme Court stated, "(t)he state can accordingly compel the defendant to display a physical characteristic without violating the defendant's privilege against self-incrimination, and the defendant may voluntarily offer a display without subjecting himself to cross-examination." (Emphasis added.)
Just as the Fifth Amendment right to remain silent would not subject the defendant to cross-examination on a display of lack of tattoos, the Sixth Amendment right to confrontation would not subject the witness to cross-examination on the same display of demonstrative evidence.
(C) BLANKET FIFTH AMENDMENT PRIVILEGE
Defendant argues that the trial court should not have permitted Wayne Williams to take a blanket Fifth Amendment privilege but should have allowed the privilege against self-incrimination on a question-by-question basis.
Louisiana jurisprudence confirms that a witness must assert his Fifth Amendment privilege against self-incrimination on a question by question basis rather than by claiming a blanket privilege. State v. Wilson, 394 So.2d 254 (La.1981). However, in State v. Brown, 514 So.2d 99, 111 (La.1987), the Louisiana Supreme Court held that a question by question invocation is not necessary where the witness was charged with the same crime, and it is apparent that the questioning would be devoted to subject matter which would require the defendant to invoke the privilege.
Although the witness, Wayne Williams, was not charged with the same crime, the evidence introduced by the defense implied that he was the perpetrator. Defense counsel placed the witness in the *250 same position as if he had been accused of the crime. Any questions asked would have dealt directly with the issue of his guilt or innocence.
Furthermore, the state introduced Wayne Williams for the purpose of demonstrative evidence, not testimonial evidence. As noted in State v. Martin, supra, the United States Supreme Court has found that no Fifth Amendment violation occurs when the state compels the defendant to display identifiable physical characteristics. The same applies for a witness displaying physical characteristics. If viewed simply as an introduction of demonstrative evidence, Fifth Amendment considerations are not triggered. The exception applies to the witness and the court did not err in allowing the witness to assert a blanket Fifth Amendment privilege.
(D) REVERSIBLE ERROR
Defendant has failed to show a violation of his right to confront witnesses and there are no grounds for reversible error.
(2) DENIAL OF MOTION FOR MISTRIAL
Defendant contends that the court should have granted a mistrial when the prosecutor referred to another possible crime of attempted murder in his closing argument for which defendant had not been charged. In closing the prosecutor stated that the victim was in fear of her life. Her testimony reflects that she was threatened repeatedly with a knife and that she thought she was in a life or death situation. The prosecutor's remarks were confined to the evidence admitted and to conclusions of fact that the state could infer. La.C.Cr.P. Art. 774.
Where there is an intertwining of all the facts, it is not impermissible to admit a reference to another crime which arises out of the same factual transaction for which the defendant is being tried. The reference must be relevant to some element of the case and cannot be unduly prejudicial to the defendant. State v. Nuccio, 454 So.2d 93 (La.1984). Moreover, for the verdict to be overturned on the basis of improper argument, the court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Webb, 419 So.2d 436 (La.1982); State v. Bradley, 490 So.2d 474 (La.App. 4th Cir.1986), writ denied, 494 So.2d 325 (La.1986).
The remarks made by the prosecutor referred to the victim's fear of death or being murdered. That fear was part of the intertwined facts of the transaction for which defendant was tried. Any impropriety was not unduly prejudicial and there is more than sufficient evidence upon which the jury could base its guilty verdict. Defendant has failed to show that the court improperly denied a mistrial based on comments in the prosecutor's closing arguments.
For the foregoing reasons, defendant's convictions and sentences are affirmed.
AFFIRMED.
NOTES
[1] Previously, the state had requested that defendant remove his two shirts before the jury, which showed that he had a scar and heart tatoo, as well as other tattoos.
[2] The partial print from the cigarette pack had previously been identified as matching defendant's fingerprint during the state's case.