657 So.2d 1373 (1995)
STATE of Louisiana
v.
Arthur RHODES.
No. 95-KA-54.
Court of Appeal of Louisiana, Fifth Circuit.
June 28, 1995.
*1375 John M. Mamoulides, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., 24th Judicial Dist., Parish of Jefferson, Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant-appellant.
Before BOWES, GAUDIN and GOTHARD, JJ.
GAUDIN, Judge.
Arthur Rhodes was convicted by a Jefferson Parish jury of two counts of armed robbery and one count of second degree kidnapping. For the following reasons, we affirm the armed robbery convictions and sentences and set aside the conviction and sentence for second degree kidnapping because of double jeopardy.
Rhodes was tried on September 20-22, 1994, and sentenced on October 17, 1994 to consecutive 99-year hard labor terms for each of the armed robbery convictions. For second degree kidnapping, Rhodes was sentenced to 40 years at hard labor.
On appeal, Rhodes contends that:
(1) the trial judge erred in denying his (Rhodes') motion to quash premised on misjoinder of offenses,
(2) it was reversible error for the prosecutor to have referred to evidence of other crimes,
(3) it was also reversible error for the prosecuting attorney to refer to Rhodes' failure to testify at trial, and
(4) there are errors patent.
On September 19, 1993, and again on September 28, 1993, Rhodes committed armed robberies of two different K & B drug stores in Jefferson Parish. Following the September 28th crime, Rhodes, attempting to elude police, hid in a van belonging to a newspaper carrier. When the vehicle owner entered the van, he found Rhodes. A struggle ensued, following which Rhodes forced the van owner to drive past a police roadblock. Once the van was free of police scrutiny, Rhodes exited the vehicle and escaped.

ASSIGNMENT NO. 1
This has merit. The trial judge denied the motion to sever the kidnapping charge from the armed robbery counts because the court would have to try two cases instead of one; however, this is what the law requires if an armed robbery was the underlying *1376 felony and an essential element of second degree kidnapping. See State v. Miller, 571 So.2d 603 (La.1990); also, Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1931). If evidence required to support a finding of guilt of one crime would also have supported a finding of guilt of another crime, the two crimes are the same under double jeopardy.
To correct a violation of double jeopardy, a reviewing court vacates the conviction and sentence of the less severely punishable offense and affirms the conviction and sentence of the more severely punishable offense. See State ex rel. Adams v. Butler, 558 So.2d 552 (La.1990); and State v. Head, 598 So.2d 1202 (La.App. 5 Cir.1992). Because second degree kidnapping is the less severely punishable offense, that conviction and sentence must be vacated. The state concedes that this is the appropriate remedy.

ASSIGNMENT NO. 2
In this assignment of error, Rhodes contends that the trial court erred in refusing to grant a mistrial based on the prosecutor's reference to a severed count which constituted an improper reference to other crimes.
During the reading of the bill of information, the following exchange occurred:
THE CLERK:
"... in the Parish aforesaid and within the jurisdiction of the Twenty-Fourth Judicial District Court ...
THE COURT:
"Janet, speak up.
THE CLERK:
"... of Louisiana, in and for the Parish aforesaid, violated R.S. 14:44.1, in that he did commit second degree kidnapping of Craig Aupied.
"Count number 2, and the District Attorney further gives the Court to understand and be informed that on or about the 19th day of September, 1993, the said Arthur Rhodes, violated R.S. 14:64 in that he did rob George Carter, while armed with a dangerous weapon.
"Count number 3, and the District Attorney further gives the Court to understand and be informed that on or about the 28th day ...
MR. OLINDE: [Prosecutor]
"Wait! Court 3 is severed.
THE CLERK:
"... September, 1993 ...
THE COURT:
"No ... Okay.
THE CLERK:
"... the said Arthur Rhodes violated R.S. 14:64 in that he did rob Charles Burton, while armed with a dangerous weapon.
"Contrary to the form of the Statute of the State of Louisiana and against the peace and dignity of the State, signed Assistant District Attorney, Robert Long..."
Defense counsel did not contemporaneously object nor did he move for a mistrial until the following morning; the state argues, therefore, that any objection to this alleged error was waived. In any event, LSA-C.Cr.P. art. 770, in pertinent part, states:
"Upon motion of defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
This article is not applicable unless the inference clearly constitutes a comment *1377 on other crimes committed or alleged to have been committed by the defendant. In State v. Berthelot, 513 So.2d 1228 (La.App. 4 Cir. 1987), writ granted in part on other grounds, 516 So.2d 127 (La.1987), the court held that a mistrial was not warranted when the trial court referred to multiple docket numbers when calling a case for trial. The court stated that although the trial court's reference could be construed as an indirect reference to other crimes under Art. 770(2), the reference was not plainly recognizable by the jury and that Art. 770(2) was inapplicable.
In State v. Dukes, 609 So.2d 1144 (La.App. 2 Cir.1992), writs denied at 618 So.2d 402 (La.1993), the court held that a mistrial was not warranted when the state mentioned multiple docket numbers when calling a case for trial. Finding the rationale of Berthelot persuasive, the court concluded that the calling of the docket numbers was not plainly recognizable by the jury as a reference to other crimes.
In the instant case, there was no distinct or recognizable reference to any other crime. If there was any inference at all, the jury likely related the prosecutor's statement regarding the severance of count three to second degree kidnapping, which was count three of the actual trial. Regardless, Art. 770(2) has no bearing on this case.

ASSIGNMENT NO. 3
Here, Rhodes contends that the trial judge erred in denying his motion for a mistrial because of the prosecutor's reference, during closing arguments, to the defendant's failure to testify. The assistant district attorney said:
"... no amount of argument, and all you're going to hear is argumentno amount of argument can tear down the house. You cannot tear down a house with argument. And that is what he's going to ask you to do, because the only evidence evidence, ladies and gentlemen, that you heard from the witness stand all implicated Arthur Rhodes, and that is what you have to base your verdict on."
"The judge is going to tell you you can't listen to what the attorneys say because what the attorneys say is not evidence. The evidence that you heard today from the witness stand, not one shred of it said anything about Arthur Rhodes being innocent of the crime. All of it said he's guilty of the crime."
Following the conclusion of the prosecutor's argument, defense counsel argued, at a bench conference, that the prosecutor's remarks commented on Rhodes' failure to testify and thus a mistrial was in order. The trial court refused to grant a mistrial.
LSA-C.Cr.P. art. 770(3) provides that the trial court shall declare a mistrial when the prosecutor refers directly or indirectly to the failure of a defendant to testify in his own behalf. This prohibition safeguards a defendant from unfavorable inferences which might otherwise be drawn from his silence.
Under this statutory rule, where the prosecutor makes a direct reference to the defendant's failure to take the stand, a mistrial must be declared. In the case of a direct reference, a reviewing court will not attempt to determine the effect that the remark had on the jury. See State v. Fullilove, 389 So.2d 1282 (La.1980).
Where the prosecution makes a reference to a defendant's failure to take the stand which is indirect, a reviewing court will inquire into the remark's intended effect upon the jury in order to distinguish indirect references to the defendant's failure to testify, which are impermissible, from general statements that the prosecution's case is unrebutted, which are often permissible. In State v. Jackson, 454 So.2d 116 (La.1984), the Supreme Court said at page 118:
"A statement that the state's evidence is uncontradicted is not necessarily a prohibited comment on defendant's failure to testify... However, when defendant is the only person who can dispute the state's evidence, a reference to testimony as uncontroverted constitutes reversible error... However, when there are other possible *1378 witnesses, an argument that the state's case is unrebutted does not focus the jury's attention on defendant's failure to testify."
In Jackson, there were other possible witnesses; the conviction was affirmed. In Rhodes' case, there were witnesses other than the defendant who could have rebutted the evidence in the armed robbery cases. The prosecutor's remarks, as they related to the armed robberies, were not an improper reference to Rhodes' decision not to testify. These convictions, therefore, must stand.

ASSIGNMENT NO. 4
We found several errors patent. Initially, we note that the trial judge failed to wait the required 24-hour delay between denial of the motion for a new trial and sentencing. However, this delay was effectively waived when defense counsel was asked, just after the motion was denied, if Rhodes was ready for sentencing. The reply was yes.
Also, it appears that Rhodes was not given credit for time served prior to his convictions. We order the commitment form amended to reflect such credit. This allowance is mandatory under LSA-C.Cr.P. art. 880.
Finally, the transcript does not indicate that Rhodes was advised of the three-year deadline for applying for post-conviction relief provided for in LSA-C.Cr.P. art. 930.8. We remand to the district court with instructions to the trial judge to send written notice of this article's provisions to Rhodes within 10 days of the rendition of this opinion and to file written proof of this notice in the record.
CONVICTIONS AND SENTENCES FOR ARMED ROBBERY AFFIRMED; CONVICTION FOR SECOND DEGREE KIDNAPPING REVERSED; COMMITMENT FORM AMENDED; REMANDED WITH INSTRUCTIONS.