FORET, Judge.
Defendant, William L. Vigers, was convicted of armed robbery and sentenced to six years at hard labor without benefit of parole, probation, or suspension of sentence. He seeks a reversal of his conviction and sentence by challenging the constitutionality of LSA-C.Cr.P. Article 704(1) regarding severance of jointly indicted defendants.
FACTS
On July 27, 1981, William Vigers met Mark Crider inside the Odyssey Lounge in Eunice, Louisiana. The two sat at the bar and had several drinks together. Later, they exited the bar and were met outside by Melvin Hebert, a friend of Vigers. The three men then decided to drive around town in Mr. Crider’s truck and smoke some marijuana.
Crider testified that the three drove to a softball park and stopped at a picnic area. Without warning, he was struck on the head with a beer bottle and repeatedly beaten. He managed to escape and contact the police, but not before being robbed of several hundred dollars.
Vigers and Hebert testified that the three drove around town and smoked marijuana but never went to the park area. Both stated that Crider dropped Vigers off at his home. Hebert stated that Crider later dropped him off at a car wash. Both men denied having had anything to do with the robbery of Crider.
Vigers and Hebert were jointly charged with armed robbery, by bill of information, in violation of LSA-R.S. 14:64. Prior to trial, the State moved for severance of the two co-defendants pursuant to LSA-C.Cr.P. Article 704(1). The trial court granted the motion over defendant’s objection. The *836 State then filed a separate bill of information against Vigers on January 13, 1983. Subsequently, Vigers was tried and found guilty by a ten to two verdict on March 18, 1983.
ASSIGNMENT OF ERROR
The defendant alleges that LSA-C.Cr.P. Article 704(1) is unconstitutional because it violates the due process requirements of the Louisiana and the United States Constitutions. More specifically, he alleges that the denial of due process arises under Article 704(1) because a defendant is not entitled to a contradictory hearing.
Louisiana Code of Criminal Procedure Article 704(1) states:
“Art. 704. Severance
Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.
Source: Former R.S. 15:316; Acts 1966, No. 310, § 1.
Official Revision Comment
(a) Clause (1) makes no change in the law. State v. Phillip, 164 La. 597, 114 So. 171 (1927). The rule is based upon the general principle that the state decides when, how, and whom to prosecute and should therefore be permitted to try defendants separately, even though jointly indicted. See Art. 61; cf. Art. 314 of the 1928 Code.”
Both the Louisiana and United States Constitutions guarantee that no person shall be deprived of his liberty without due process of law. U.S. Const., Amendments 5 and 14; La. Const., Art. 1, § 2. In the context of procedural due process, these provisions have been interpreted to mean that before a defendant in a criminal case may be deprived of his liberty, he must be given notice and a hearing which is appropriate to the nature of the case. State v. Woodard, 387 So.2d 1066 (La.1980). Thus, the defendant contends that prior to the granting of a severance pursuant to Art. 704(1), he should have been allowed a contradictory hearing in which to challenge the State’s motion for severance, and that, by not allowing him such an opportunity, the trial court denied him procedural due process.
This issue appears to be res nova in the Louisiana and Federal jurisprudence. Normally, the granting or denial of a motion for severance rests in the sound discretion of the trial judge and, absent a showing of clear abuse, his ruling will not be reversed. State v. Williams, 416 So.2d 914 (La.1982). The jurisprudence is replete with defendants’ challenges to denials of motions for severance; the instant case appears to be the first where the defendant challenges the granting of a motion for severance.
After reviewing the record, we do not find any prejudice to defendant by either the granting of the severance or by the absence of a contradictory hearing. Defendant contends that the denial of a contradictory hearing prevents him from building a record for review, but cites no authority for his claim nor gives any reason or examples which would support his position. The facts show that the defendant was adequately notified of the charges pending against him. His co-defendant testified fully on his behalf and in all other respects, received a fair trial. Since we can find no prejudice from the severance or from the lack of a contradictory hearing, this assignment is without merit.
DECREE
For the aforementioned reasons, the ruling of the trial court is affirmed.
AFFIRMED.