532 So.2d 812 (1988)
STATE of Louisiana
v.
Terril ROEBUCK.
No. 88-K-1078.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1988.
*813 Harry F. Connick, Dist. Atty., Julian A. Parker, Asst. Dist. Atty., Aaron Frank McGee, IV, Law Clerk, Dist. Attys. Office, New Orleans, for respondent.
Gary W. Bizal, New Orleans, for relator.
Before SCHOTT, KLEES and PLOTKIN, JJ.
SCHOTT, Judge.
On defendant's application we grant certiorari in order to consider the trial court's rulings with respect to the testimony of two proposed defense witnesses. In his application defendant also questioned reference by the state to evidence he alleges was illegally seized in another case against him for the purpose of impeaching his testimony should he decide to testify in the present case, but since another panel of this court has decided that the evidence was not illegally seized, this part of the application is moot.
Defendant is charged with possession with intent to distribute one ounce of cocaine in violation of LSA-R.S. 40:967. Officer Imbraguglio testified that he observed the defendant walking to the sidewalk side of the car where he dropped an article from his hand next to the car. The officer retrieved the article which was a clear plastic bag containing a white rock which later proved to be cocaine. Defendant was accompanied by Lewis and Anthony Owens, but he alone was arrested.
The case was tried but a mistrial resulted when the jury could not reach a verdict. Witnesses Dolly Mae Owens and Genevieve Howard testified that defendant was never on the passenger side of the car and never threw an object on the ground. Defendant attempted to call Anthony Owens and Marvin Lewis as witnesses, but the trial court precluded him from doing so because the court held they were facing criminal charges arising out of the incident and they indicated they would exercise their Fifth Amendment rights as to all questions put to them. The correctness of this ruling is the first question presented by defendant's application.
Following the first trial and the court's refusal to permit defendant to call Anthony Owens and Marvin Lewis defendant filed a motion for a grant by the trial court of immunity from prosecution for the two witnesses. The court denied this motion, and the correctness of this ruling is the second question was before us.
On the first question, the general rule is that no witness may make a blanket assertion of his Fifth Amendment rights which would exempt him from being a witness. He must assert the privilege on a question by question basis. State v. Wilson, 394 So.2d 254 (La.1988). The court has made an exception to this rule when the witness has reasonable ground to assert the privilege as to the entire area of anticipated questions. State v. Brown, 514 So.2d 99 (La.1987). In this case the witness was under indictment for the same first degree murder that the defendant was being tried for, and the court was satisfied that the witness had reasonable cause to apprehend danger from any answers she might give. The same principle applied in State v. Edwards, 419 So.2d 881 (La.1982) where the witnesses were charged with the same first degree murder as the defendant was being tried for.
In the instant case Anthony Owens and Marvin Lewis are under no charges. Even though the three men and the vehicle were searched no illegal drugs were found. Thus, the record does not provide a basis for a reasonable apprehension of danger on *814 the part of Anthony Owens and Marvin Lewis as to any and all answers they might be required to give. Therefore, the trial court erred in denying defendant's move to place Owens and Lewis on the stand.
Our disposition of the first issue may render the next question moot, but the prevailing rule in this state is that a trial judge may not grant immunity to witnesses to secure their testimony for a defendant. State v. Edwards, supra. Therefore, the ruling of the trial court on this point was correct.
The stay order issued by this court on June 2, 1988 is recalled and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED IN PART; AFFIRMED IN PART; STAY ORDER RECALLED; REMANDED.