ARMSTRONG, Judge.
The defendant, Sean Seaton, was charged by bill of information with possession with intent to distribute cocaine, a violation of R.S. 40:967. Following a jury trial he was found guilty as charged. The defendant was sentenced to ten years at hard labor with credit for time served from December 26, 1987 through January 19, 1989.
Officer Fischer testified that on December 26, 1987 he and his partner, Officer Jones, conducted a surveillance of the corner of North Roman and Cafffin Streets, after receiving information that drug-trafficking occurred there. They were in an unmarked police car. They were not in uniform.
They observed a group of men standing outside a grocery store talking, including the defendant, Seon Seaton, and Dexter Joseph. The defendant and Joseph left the group and walked down the street. As they talked, Officer Fischer testified that the defendant took a tube from his right *183 pocket, emptied the contents of it into the palm of his hand and showed them to Dexter Joseph. Joseph took one of the objects in the defendant’s palm and put it in his pocket. He then gave the defendant some money, which the defendant placed in his pocket.
Upon observing this transaction, which the officers believed to be a drug sale, the officers approached the defendant and Joseph, identifying themselves as police officers. As they did so, the defendant threw the tube down. The police arrested the defendant and Joseph and retrieved the tube, which was later found to contain three pieces of crack cocaine. They searched the defendant and found about three hundred dollars in his pocket. They searched Joseph and found a piece of crack cocaine in his pocket.
The defendant’s brother, Dwayne Seaton, and the defendant testified for the defense. They said that, on the day of the incident at issue, they had gone to the racetrack where the defendant had won approximately four hundred dollars. After they left the track, the defendant dropped his brother off at the store located at the corner of North Roman and Caff in Streets. The defendant went home and then met his brother in front of the store. They stood outside the store talking to three of their friends, one of whom was Dexter Joseph. During this time, Joseph, a thirty-two year old who was, according to them, putting himself through college by selling drugs, picked up a tube which was lying in the grass by a fence near where they were standing. As he did so, the police approached and searched all the men. Upon finding three hundred dollars on the defendant, they arrested him as well as Joseph. According to the defendant and his brother, the defendant and Joseph never left the group, the defendant never possessed the tube containing the crack and never sold any of it to Joseph.
A review of the record for errors patent reveals none.
By his sole assignment of error, the defendant contends that the trial court erred in allowing Dexter Joseph to invoke his privilege against self-incrimination at the motion for new trial filed by the defendant. In his motion for new trial the defendant alleged that he had just located Joseph at the Odyssey House in New Orleans, despite reasonable efforts to locate him before trial and that he desired to call Joseph as a defense witness because Joseph’s testimony would exculpate him and result in the rendition of a different verdict. Specifically, the defendant alleged that Joseph would testify that the tube containing three pieces of crack cocaine belonged to him, not to the defendant, and that the crack found in his own pocket had not been purchased from the defendant.
At the hearing on the motion for new trial, Joseph appeared under subpoena. The trial judge appointed an OIDP attorney to consult with him before he was called to testify as a witness for the defense. The court noted that Joseph had pled guilty to possession of cocaine, a charge which arose out of the same incident in which the defendant was charged with distribution of cocaine, and had been sentenced to sixteen months inactive probation. Joseph was still on probation at the time that the hearing on the motion for new trial was held.
After Joseph consulted with the OIDP attorney, the trial judge questioned him regarding whether he wanted to invoke his Fifth Amendment privilege against self-incrimination. The judge felt that Joseph had a right to invoke the Fifth Amendment, even though he had already pled guilty to possession of cocaine and been sentenced, since his testimony might jeopardize his probationary status with the judge who had sentenced him. The witness invoked the Fifth Amendment and did not testify. The motion for new trial was subsequently denied.
The defendant contends that the trial court erred in allowing the witness to invoke the privilege because the witness had already pled guilty to and been sentenced for possession of cocaine, a charge which arose out of the same facts which gave rise the defendant’s arrest.
The privilege against self-incrimination is embodied in the Fifth Amendment to the *184 United States Constitution and in Article I, Sect. 16, of the Louisiana Constitution (1974), which provides that “No person shall be compelled to give evidence against himself.” A witness may invoke the Fifth Amendment privilege against self-incrimination only in response to questions “where the defendant has reasonable cause to apprehend danger from a direct answer.” State v. Edwards, 419 So.2d 881 (La.1982); State v. Brown, 514 So.2d 99 (La.1987), cert. den., 486 U.S. 1017, 108 S.Ct. 1754, 100 L.Ed.2d 216 (1988).
In this case, even if the witness’s testimony could not be used to alter his probation, it might still lead to the witness being charged with another crime, such as distribution of cocaine. The defendant testified at trial that the witness was a drug dealer. For this reason, the trial court did not err in allowing the witness to invoke the Fifth Amendment privilege against self-incrimination.
For the foregoing reasons the defendant’s conviction and sentence are affirmed.
AFFIRMED.