619 So.2d 1229 (1993)
STATE of Louisiana, Plaintiff-Appellee,
v.
Bertrand JOSEPH, Jr., Defendant-Appellant.
No. CR 92-1381.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
*1230 Jerold Edward Knoll, Marksville, for State.
Dan B. McKay, Jr., Bunkie, for Bertrand Joseph, Jr.
Before LABORDE, THIBODEAUX and DECUIR, JJ.
LABORDE, Judge.
Defendant, Bertrand Joseph, Jr., appeals his conviction and sentence of simple arson. Finding no error on the part of the trial court, we affirm.

*1231 FACTS
Defendant, Bertrand Joseph, Jr., and his cousin, Gary Joseph, went to the home of Alex Shawn Antoine on January 19, 1992. Antoine stated that he did not like going to school and that he should burn it down. Defendant and Gary Joseph told him not to because "he would get nothing but trouble". They left Antoine's house to get earphones from his grandmother's house. As they passed the school, Antoine suggested they go in to get his earphones which had been confiscated by a teacher. Antoine and the defendant jumped the fence and entered the school near the cafeteria. They went to the office and Antoine dug through the drawers. Antoine asked the defendant to hold his earphones while he was digging through the drawers, and when Antoine found his tapes he asked the defendant to hold them. Antoine then broke the glass door to the vending machine in the hall across the office with a brick. Antoine put some chips from the vending machine in the bag with the tapes which the defendant was holding. Antoine told the defendant to go and defendant took off running. When defendant got to the door it was locked, and he returned to find Antoine had spread paper napkins on the floor and was lighting the trash can. The defendant also saw flames coming out of a closet. They both exited the building after Antoine busted open the door with a brick. After leaving the building, the defendant informed Gary Joseph about what had happened and all three ran, taking a shortcut back to Antoine's house. The defendant was later apprehended by the Marksville Police Department pursuant to an arrest warrant.
The defendant and Gary Joseph were charged by bill of information dated April 14, 1992, with simple arson causing damage in excess of $500.00 in violation of La.R.S. 14:52. On the same day, the defendant entered a plea of not guilty to the charge. On September 15, 1992, immediately prior to trial, the trial court granted the state's motion to sever the trial of co-defendant Gary Joseph. On the same day, a jury of twelve found the defendant guilty as charged. On October 6, 1992, the defendant filed a motion for post-verdict judgment of acquittal which was subsequently denied by the trial judge. On October 20, 1992, the trial court sentenced the defendant to fifteen years at hard labor. On November 9, 1992, the defendant filed a motion to reconsider sentence which was denied by the trial court on November 17, 1992. The defendant now appeals this conviction and sentence based on seven assignments of error.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends the trial court erred in severing his trial from his co-defendant, Gary Joseph. He argues it was error because it served no apparent purpose and is contrary to the interests of judicial economy. He further argues a part of the defense strategy was to allow the co-defendants to give joint testimony to corroborate and amplify defendant's statement that Alex Antoine started the fire without their participation and this joint testimony was impossible due to the severance.
La.C.Cr.P. art. 704 provides in pertinent part:
Jointly indicted defendants shall be tried jointly unless:
1) The state elects to try them separately;
In the instant case, following roll-call of the prospective jurors, the state moved that the defendant's case be severed from the case of Gary Joseph. The trial court granted this motion over the objection of defense counsel.
The granting or denial of a motion for severance rests in the sound discretion of the trial court and, absent a showing of clear abuse, this ruling will not be reversed. State v. Williams, 416 So.2d 914 (La.1982). In State v. Vigers, 441 So.2d 835 (La.App. 3d Cir.1983), the court found after a review of the record that there was no prejudice to the defendant by the granting of the severance. In the instant case, co-defendant asserted the Fifth Amendment privilege in refusing to testify and *1232 thus, did not prejudice the defendant as he could have refused to testify as a co-defendant had the case not been severed. Thus, we find the trial court did not abuse its discretion in allowing the severance. For the foregoing reasons, this assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER TWO
In this assignment of error, defendant contends the trial court erred in refusing to require co-defendants, Gary Joseph and Alex Shawn Antoine, to take the witness stand at the instance of the defendant. He argues this was error because a witness must assert his right against self-incrimination only as to specific questions.
The defendant bases his argument on La.R.S. 15:276 which provides: "No witness can be forced to criminate himself, but the judge is bound by the witness' statement that the answer would criminate him, when from the nature of the question asked and the circumstances of the case such statement can not be true." However, this article does not specifically provide a witness must assert the right against self-incrimination only as to specific questions.
In State v. Jones, 559 So.2d 492 (La.App. 5 Cir.1990), writ denied, 566 So.2d 981 (La. 1990), the court stated it was not error for the trial court to allow a blanket assertion by a co-defendant of his Fifth Amendment privilege where the co-defendant was charged with participation in the same crime as the individual on trial and it was apparent that the questioning would be devoted to a subject matter which would require the co-defendant to invoke the privilege. In so stating, the court reasoned as follows: "It is not necessary for a witness charged with participating in the same crime for which the defendant is being tried to assert the privilege on a question by question basis when it is apparent that the witness will be asked to testify only regarding matters which could be expected to require the invocation of the privilege." We find the trial court properly refused to require the codefendants, Gary Joseph and Alex Shawn Antoine, to testify after their attorneys indicated they would exercise their rights against self-incrimination.

ASSIGNMENTS OF ERROR NUMBERS THREE AND FOUR
By these assignments of error, the defendant contends the trial court erred in permitting the State of Louisiana to argue that the evidence it presented, primarily in the form of a recorded statement of the defendant, was not true and/or accurate. The defendant further contends the trial court erred in refusing to require, as to proceedings before the jury and in post-trial proceedings, that the statement of the defendant as to how the alleged crime occurred be taken as correct in the absence of any evidence to the contrary.
Initially, in regard to the defendant's assertion that the trial court erred in allowing the state to argue that the statement of the defendant was not accurate, we find that state did not argue that the defendant's statement was not true and accurate. The state pointed out that it was self-serving for the defendant to state that they only intended to burglarize the building and did not want to burn it.
In support of his argument, the defendant cites out of state jurisprudence for the proposition that, "where the defendant or the defendant's witnesses are the only eyewitnesses..., their version, if reasonable, must be accepted as true, unless substantially contradicted in material particulars by a credible witness or witnesses for the state, or by the physical facts or by facts of common knowledge." Weathersby v. State, 165 Miss. 207, 147 So. 481 (1933). Therefore, defendant argues the trial court erred in refusing to require the statement of the defendant as to how the alleged crime occurred be taken as correct in the absence of any evidence to the contrary.
Defendant argues that Louisiana law on the propriety of the procedure employed by the State is unsettled at best. We find the jurisprudence clearly provides that when a confession has been admitted by the trial judge it is the task of the jury to determine the weight to be given to the *1233 confession. State v. Nuccio, 454 So.2d 93 (La.1984). There is no jurisprudence supporting the view that the State is bound by self-serving declarations contained in a confession. In State v. Sears, 220 La. 103, 55 So.2d 881 (1951), the supreme court stated it is well settled that the State has the right to contradict exculpatory statements and its failure to do so does not create an adverse legal inference or place it in the position of vouching for their truth. In the general charge to the jury, the trial judge correctly charged that the jurors alone were to determine the weight and credibility of the evidence as mandated by La. C.Cr.P. art. 802(3).
While the state did not argue the statement of the defendant was not true, the state did point out that portions of the statement were self-serving. The trial court did not err in refusing to require that the statement of the defendant be taken as correct in the absence of any evidence to the contrary. For the foregoing reasons, these assignments of error are without merit.

ASSIGNMENT OF ERROR NUMBERS FIVE AND SIX
Defendant contends in these assignments of error, that the verdict of guilty of simple arson is contrary to the law and evidence. Further, defendant argues the trial court erred in denying the defendant's motion for post-verdict judgment of acquittal. Defendant asserts that the defendant's statement itself is a more than reasonable statement of innocence. The defendant argues the only thing that might be interpreted as indicating intent is the statement by Antoine about wanting to burn down the school. However the defense points out that the defendant and Gary Joseph immediately warned Antoine not to burn down the school.
In reviewing the sufficiency of evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This standard, which was adopted by the legislature in enacting La.C.Cr.P. art. 821, pertaining to postverdict motions for acquittal based on insufficiency of evidence, is that the court must determine that the evidence, viewed in the light most favorable to the prosecution, was insufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984).
Simple arson is defined in La.R.S. 14:52, which provides in pertinent part:
A. Simple arson is the intentional damaging by any explosive substance or the setting fire to any property of another, without the consent of the owner and except as provided in R.S. 14:51.
B. Whoever commits the crime of simple arson, where the damage done amounts to five hundred dollars or more, shall be fined not more than fifteen thousand dollars and imprisoned at hard labor for not less than two years nor more than fifteen years.
During the trial, the defendant was not portrayed as the actual perpetrator of the crime. Rather, the defendant was depicted as a principal under La.R.S. 14:24 which reads as follows:
All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals.
In the instant case, the state introduced and read to the jury a statement given by the defendant to Detective Chris Lachney of the Marksville City Police Department and Deputy Michael Neck of the State Fire Marshall's Office. In the statement, the defendant admits that Antoine mentioned burning down the Marksville Middle School prior to their entry. The defendant further admitted breaking into the school with Antoine to retrieve some earphones. The defendant admitted assisting Antoine by holding a bag of tapes while he was digging through the drawers in the office. The defendant admitted in his *1234 statement that prior to leaving the building Antoine busted open the candy machine and put some food items into the bag of tapes. The defendant stated that he attempted to leave, but after finding the door was locked, he re-entered the portion of the building where Antoine had set a fire in the storage room, witnessed Antoine lighting some napkins and the trash can on fire. They both exited the building after Antoine busted another door open. The defendant told his cousin Gary Joseph what had happened and they all ran to Antoine's house and went to sleep.
The state also elicited testimony from Deputy Fire Marshall Chris Neck indicating the amount of damages to the school clearly exceeded $500.00. Additionally, the Louisiana Sentencing Guidelines Report indicated the total damage to the school was $2,500,000.00 which confirms this assessment.
The final element of simple arson is the requisite intent of the defendant. The intent required for a conviction of simple arson is general criminal intent. State v. Simmons, 443 So.2d 512 (La.1983). General criminal intent is defined by La.R.S. 14:10 which provides in pertinent part that general criminal intent exists where the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. It cannot be said that the defendant was not reasonably certain that the Marksville Middle School would be substantially damaged by the fire set by Antoine if he did not act to prevent it. Therefore, we find these assignments of error lack merit.

ASSIGNMENT OF ERROR NUMBER SEVEN
In this assignment of error, defendant contends the trial court erred in sentencing him to a maximum term of imprisonment of fifteen years on the charge of simple arson with the sentence to run consecutively with the other sentences imposed on the same date for simple burglaries as the defendant is a first offender.
The defendant specifically argues the trial court did not consider all of the mitigating factors in this particular case. He also contends the only factor that mattered to the trial judge was the monetary value of the building and its damage. The defendant also contends the trial judge did not adequately support the defendant's sentence with reasons or make the minimum references to the defendant's background or the presentence investigation. He further argues specific reasons must be provided in order for the sentencing court to validly impose consecutive sentences. In regard to the consecutive sentences, the defendant argues the charges of arson and simple burglary arose from a series of burglaries which were part of a common scheme.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the supreme court determined that Art. 1, section 20 of the Louisiana Constitution of 1974 authorized appellate review of individual sentences for excessiveness. The court in Sepulvado, supra, found that the statutory criteria set forth in old La.C.Cr.P. art. 894.1 (1977) provided the appropriate criteria to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than onerous sentencing alternatives.
The jurisprudence clearly indicates that to constitute an excessive sentence the court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La. 1981). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
We will use the new sentencing guidelines as an aid in determining whether a *1235 sentence is constitutionally excessive as the criteria set forth in old La.C.Cr.P. art. 894.1 has been replaced by the language requiring consideration of the new guidelines. In order to use the sentencing guidelines as an aid, the appropriate grid cell must be determined for each offense to arrive at the designated sentencing range. The grid cell is determined by the seriousness level of the offense and criminal history index of the offender. The criminal seriousness tables of the guidelines indicate the seriousness level is "6" for simple arson where the damage is more than $500.00.
In calculating the criminal history index, the sentencing guidelines report indicates no prior record. Therefore defendant's criminal history index score would be zero which is a criminal history classification of "G". La.S.G. § 402(F). Finally, the designated sentencing range for this particular defendant is set forth in grid cell "6G".
The defendant was also convicted for six counts of simple burglary. The convictions for simple burglary were on the same day as the instant conviction. After a review of the minutes of the above mentioned convictions, it is unclear whether or not the convictions for simple burglary occurred prior to the conviction in the instant case. Nevertheless, if it were determined that the simple burglary convictions occurred prior to the instant conviction, they should be used in determining the defendant's criminal history. As there were multiple convictions on the same day, only the most serious conviction could be used in determining the criminal history index classification. La.S.G. § 205(C)(3)(f). Thus, because there were six counts of simple burglary, any one of the convictions could be counted. Simple burglary has a seriousness level of "4". La.S.G. § 401A. Therefore, the defendant's criminal history index score would be "2" which is a criminal history classification of "D". La.S.G. § 402(A), 402(F). Thus, the designated sentencing range for the defendant, if this were the case, would be set forth in grid cell "6D".
The sentencing ranges for grid cell "6D" and "6G" are 24-18 and 24-12 months respectively. Thus, including or excluding the conviction for simple burglary in the defendant's criminal history index classification would not affect our review of the defendant's sentence for excessiveness under the new guidelines as the maximum is the same under "6D" and "6G" making the extent of the upward departure the same regardless of which grid cell is applicable.
The sentencing grid indicates the maximum sentencing range is 24 months. The grid cells are in the intermediate sanction zone which sets forth designated sentencing range in sanction units to be imposed by the trial judge and indicate the designated sentencing range in months of incarceration is to be imposed in case of revocation. Therefore, strict compliance with the guidelines in the absence of aggravating factors calls for a suspended sentence.
The trial judge sentenced the defendant to fifteen years at hard labor. This exceeds the maximum sentence set forth in the sentencing guidelines and is the maximum statutory sentence. The sentencing guidelines set forth a method for departure from the designated sentencing range. When departing from the designated sentencing range, the court shall pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history; and state for the record the reasons for departure which shall specify the mitigating or aggravating circumstances and the factual basis therefore. La.S.G. § 209(A). The list of aggravating circumstances specifically includes major economic offenses.
Initially, at the sentencing, the trial judge stated that the applicable grid cell for the simple arson was "6G" and stated the sentencing ranges. The judge proceeded to state that he would not follow the sentencing guidelines because of the following factors. The judge stated the only mitigating factor was that the defendant was eighteen years of age. In regard to the simple arson, the judge stated the offense resulted in a significant economic loss to the community, in that there was approximately two million dollars in damage since the school was totally destroyed.
*1236 The judge stated that the offense involved multiple victims. Finally, the trial judge mentioned the inconveniences to the community because of the defendant's actions, emphasizing the fact that their children would have to go to school outside of the community.
The defendant also complains of the consecutive nature of the sentences imposed. This argument is misplaced as the consecutive sentences he refers to were not imposed on the instant offense. The consecutive sentences referred to by the defendant were imposed on charges of simple burglary, in a companion case.
The trial judge did not impose a sentence within the applicable sentencing range of the new guidelines. However, the trial judge did consider the guidelines and gave reasons for his departure from the applicable sentencing range. The circumstances justify the maximum sentence of fifteen years. For the foregoing reasons, we find this assignment of error lacks merit.

DECREE
The conviction and sentence of defendant, Bertrand Joseph, Jr., are affirmed.
AFFIRMED.