jjBYRNES, Judge.
The relator, Walter Goodwin, was arrested on April 14, 1994, for first degree murder, a violation of R.S. 14:30. A preliminary examination was heard on April 22. Detective Anthony Garffeo testified that he spoke with several witnesses, including one who told him that he supplied the relator with the murder weapon shortly before the murder. The defense attorney then called Issac Shelby who testified that he purchased the murder weapon and gave it to the relator several hours before the murder. Magistrate Hansen then stopped the questioning and appointed counsel to speak with Mr. Shelby before questioning continued. After consulting with counsel, the witness indicated he wished to invoke his fifth amendment right. Magistrate Hansen allowed the witness to assert a blanket privilege but recessed the hearing until April 27. On April 27, the Magistrate again allowed the witness to assert a blanket fifth amendment privilege. Defense counsel objected to the trial court’s ruling arguing that this privilege should be ^asserted on a question-by-question basis. The Magistrate did not agree and allowed the relator until May 10 in which to file writs with this Court.
The United States Constitution and the Louisiana Constitution of 1974 provide a privilege against self-incrimination. U.S. Const., Amend. V; LSA-Const. of 1974 Art. 1 § 16. A witness may assert the privilege when he has reasonable cause to apprehend danger from a direct answer. Hoffman v. United States, 341 U.S. 479, 487, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124 (1951).
Normally, a witness, as opposed to the defendant on trial, may assert the privilege only on a question-by-question basis. State v. Wilson, 394 So.2d 254 (La.1981); State v. Savoy, 537 So.2d 246 (LaApp. 4th Cir.1988). However, a witness is permitted to assert a blanket privilege, despite the compelling interest of the accused to present a defense, when it is evident that the answer to questions, or answers to explain the refusal to answer any questions posed, could result in injurious disclosure. State v. Coleman, 406 So.2d 563 (La.1981); State v. Roebuck, 532 So.2d 812 (La.App. 4th Cir.1988). This exception is generally applied when the witness is a co-defendant, the charges arise from the same incident as gave rise to the charges against the defendant, and the defendant seeks to question the witness about the incident. State v. Joseph, 619 So.2d 1229 (La.App. 3rd Cir.1993); State v. Jones, 559 So.2d 492 (LaApp. 5th Cir.1990).
This exception was extended by this court to include a former co-defendant whose case was nolle prosequied prior to the defendant’s trial and was therefore not a co-defendant during the defendant’s trial. State v. Adams, 537 So.2d 1262 (LaApp. 4th Cir. 1989), reversed on other grounds, 550 So.2d 595 (La.1989). In that case, this court reasoned that there was no difference in the exposure of a witness who had been charged and one whose charges had been nolle prose-quied because the State could always Isreinstitute the charges against the witness; The blanket privilege has also been approved for a witness already convicted and sentenced but who might be exposed to further criminal liability by answering the questions. Coleman; State v. Seaton, 604 So.2d 182 (La.App. 4th Cir.1992).
In Coleman, the court recognized that the exception to the question-by-question invocation of the privilege applied because the witnesses, though already convicted, could still be exposed to further prosecution arising out of the incident. However, the court went further and noted that the witnesses had made previous statements that were either introduced into evidence or read to the jury, and that the defendant failed to show how he was prejudiced by the refusal of the witnesses to testify at trial.
Recently, in State v. Kenneth Larpenteur, 636 So.2d 1103 (LaApp. 4th Cir. 93-KA-1424, April 28, 1994), this court relied on Adams and Coleman and concluded that the trial court’s decision to allow a witness to assert a blanket privilege was harmless error in that the defendant was not prejudiced by the witnesses’ failure to testify. In Larpent-eur, the witness, who was not a co-defendant, did not have first-hand knowledge of the *892 incident which gave rise to the charges, and his testimony would not have altered the outcome of trial.
However, in Roebuck, this Court found that the trial court erred in refusing to allow defense counsel to call two proposed defense witnesses at trial. This Court held that, unlike the witnesses in Wilson, State v. Brown, 514 So.2d 99 (La.1987) and State v. Edwards, 419 So.2d 881 (La.1982) the witnesses in Roebuck were not charged and were not found with any contraband, making it unlikely that they would be charged. This Court concluded: “[T]hus, the record does not provide a basis for a reasonable apprehension of danger on the part of [the witnesses] as to any uand all answers they might be required to give.” Roebuck, 532 So.2d at 813-814.
In the present case, the relator claims that the trial court’s ruling permitting the witness to assert a blanket privilege denied him his right to present witnesses at the preliminary hearing. The present case is very similar to State v. Adams where, although the witness was not a co-defendant, there was a possibility charges could be brought against him. Here, Issac Shelby is not a defendant in this case, although his answers to counsel’s questions indicate that he may have been involved in the crime and may be charged. Applying the standard in Roebuck, Issac Shelby could be said to have a “reasonable apprehension of danger” on the part of [Issac Shelby] as to any and all answers [he] might be required to give.” Thus, under the holding of Adams, it appears that the trial court ruled correctly.
The present writ application deals with a preliminary examination, not trial. The defendant in this case is not being denied his right to present a defense, as was the situation in all of the above cited cases. Here, at worst, the defendant will not be able to question Issac Shelby at the preliminary examination. Considering that the preliminary examination is a method to determine if there is probable cause to hold a defendant before that person is formally charged and is not a method for the defense to obtain discovery, it does not appear that the relator’s preparation of his defense would be adversely affected by the trial court’s ruling. Accordingly, relator’s writ application is denied.

AFFIRMED.